IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUGLAS KEOGH            )
                         )
     v.                  )    NO. 3:04-0738
                         )
BIG LOTS CORPORATION     )


TO: Honorable John T. Nixon, Senior District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered September 17, 2004 (Docket Entry No. 7), this action was referred to the Magistrate Judge for case management.

Presently pending before the Court is the defendant's motion to dismiss and to strike certain prayers for relief (Docket Entry No. 8), to which the plaintiff has filed a response in opposition (Docket Entry No. 11). For the reasons set out below, the Court recommends that the motion be granted in part and denied in part.

Also pending before the Court is the plaintiff's motion for a ruling of law (Docket Entry No. 18), to which the defendant has filed a response in opposition (Docket Entry No. 20). For the reasons set out below, the Court recommends that this motion be denied.[1]

---

[1] By separately entered orders, the Court has ruled on the plaintiff's motion to amend (Docket Entry No. 12), motion for a more definitive statement (Docket Entry No. 14), and motion to ascertain status (Docket Entry No. 17).

## I. BACKGROUND

The plaintiff filed this action pro se on August 20, 2004, against Big Lots Corporation[2] ("Big Lots"), asserting federal question jurisdiction under 28 U.S.C. § 1338(a). The plaintiff seeks damages and injunctive relief against the defendant and pleads a claim for copyright infringement under 17 U.S.C. § 106 and a claim under 17 U.S.C. § 1202(b)(3) of the Digital Millennium Copyright Act ("DMCA").[3]

The plaintiff states that he is the creator of two sculptures which are used as birdhouses, one a "Romanesque" design and one a "Gothic" design. He alleges that he registered each sculpture with the United States Copyright Office in May 2004, although the sculptures were created in 1996 and first published in October 2001. See Exhibits A and B to Complaint. At some point in 2004, prior to his registration of the sculptures, the plaintiff learned that Big Lots was importing and selling birdhouses from China which were similar in virtually all respects to his birdhouse designs. He contends that he did not give permission for replicas of his birdhouses to be made and sold and that Big Lots has violated his exclusive rights, as set out in 17 U.S.C. § 106, to reproduce and sell copies of the

---

[2] According to the defendant, its correct name is Big Lots Stores, Inc. See Docket Entry No. 9 at 1.

[3] Although the plaintiff states in his complaint that he brings his cause of action under 17 U.S.C. § 1202(3), he states in his response to the defendant's motion that the correct citation for his cause of action is 17 U.S.C. § 1202(b)(3). See Docket Entry No. 11 at 1.

2

copyrighted sculptures. The plaintiff made his concerns known to Big Lots through letters and telephone conversations during 2004.

In lieu of an answer, Big Lots has filed the pending motion to dismiss. Although Big Lots concedes that the plaintiff states a cause of action for copyright infringement under 17 U.S.C. § 106, Big Lots moves, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's claim under the DMCA and to strike the corresponding prayers for relief which are based on a violation of the DMCA, as set out in the complaint at ¶¶ 2, 6, and 7. Big Lots argues that the allegations contained in the plaintiff's complaint do not support a claim under the DMCA because the alleged conduct of Big Lots, even if true, does not constitute a violation of 17 U.S.C. § 1202. Big Lots also seeks to strike the plaintiff's request for statutory damages under 17 U.S.C. § 504(c), which is set out in the complaint at ¶ 4 of the prayers for relief. Big Lots contends that evidence of a willful infringement is necessary for an award of enhanced damages under Section 504(c)(2) and that the plaintiff has acknowledged that he does not believe that Big Lots acted willfully, thus negating any claim for recovery under Section 504(c).

In his response in opposition, the plaintiff disputes that he has not stated a claim under the DMCA. He further asserts that the defendant's request to strike his request for enhanced damages under Section 504(c) is meritless because the section of his complaint containing the prayers for relief refers to actual

3

damages and profits and does not refer to enhanced damages.

## II. DEFENDANT'S MOTION TO DISMISS

A. Rule 12(b)(6) Standard

In testing the legal sufficiency of a complaint under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all of the factual allegations as true. Allard v. Weitzman, 993 F.2d 1236, 1240 (6th Cir. 1993). While the complaint must contain more than barebones conclusions and must contain factual allegations supporting the material elements of the asserted legal claim, the complaint need only give fair notice of the claim and the grounds upon which it rests. Id. Dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the alleged claims which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

B. DMCA Claim and Prayers for Relief under 17 U.S.C. § 1202

The Court agrees with the defendant that the plaintiff has not alleged facts which support a legally viable claim under 17 U.S.C. § 1202(b)(3) and that the plaintiff's claim under this section and corresponding prayers for relief should be dismissed for failure to state a claim.

Section 1202(b)(3) provides that:

4

> No person shall, without the authority of the copyright owner or the law --
>
> . . . .
>
> > (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

"Copyright management information" is defined at Section 1202(c) as follows:

> any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work:
>
> > (1) The title and other information identifying the work, including the information set forth on the notice of copyright.
> >
> > (2) The name of, and other identifying information about, the author of a work.
> >
> > (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.
> >
> > (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than audiovisual work.
> >
> > (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work.

>    (6) Terms and conditions of use of the work.
>
>    (7) Identifying numbers or symbols referring to such information or links to such information.
>
>    (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

17 U.S.C. § 1202(c).

In the instant case, the plaintiff's complaint fails to set out factual allegations which support an arguable legal claim under Section 1202(b)(3). Such a claim requires proof that: 1) copyright management information existed on a copyrighted work; 2) such information had been removed without authority of the copyright owner or law; 3) the defendant knew that such copyright management information had been removed or altered without authority of the copyright owner or the law; and 4) the defendant knew or had reasonable grounds to know that its actions would induce, enable, facilitate, or conceal an infringement of any right under this title. Even when the complaint is given the most favorable reading, it falls woefully short of alleging facts which support such a claim. The plaintiff's apparent assertion that Big Lots was on notice of a possible violation of Section 1202(b)(3) because the items at issue were manufactured in China is simply conclusory, self-serving, and factually unsupported.

The plaintiff asserts that Big Lots violated Section 1202 by affixing "it's [sic] own management information" to copies of the sculptures at issue. See Complaint at 3. This assertion is premised upon price labels attached to the birdhouses sold by Big

6

Lots which included the sales price, an item number and barcode, a statement that the birdhouse was "MADE IN CHINA," and a statement that the birdhouse was "Distributed by Midwestern Home Products, Inc." <u>See</u> Exhibits F and G to Complaint. Such an allegation neither satisfies the elements of a Section 1202(b)(3) claim nor otherwise supports a claim under Section 1202(b)(1) or (2).

The plaintiff argues that Big Lots should be held liable under a theory of vicarious liability for the actions of the unnamed manufacturer of the birdhouses at issue. <u>See</u> Plaintiff's Memorandum (Docket Entry No. 11) at 4-5. This argument lacks merit. Vicarious liability requires facts which show (1) that Big Lots had the right and ability to supervise the infringing conduct of the unnamed manufacturer and (2) that Big Lots has an obvious and direct financial interest in the infringement. <u>See</u> <u>Gordon v. Nextel Communications and Mullen Advert.</u>, 345 F.3d 922, 925 (6th Cir. 2003); <u>Shapiro, Bernstein & Co. v. H.L. Green Co.</u>, 316 F.2d 304, 307 (2nd Cir. 1963). There are no such facts alleged in the complaint.

Because the Court finds that the complaint's cause of action under 17 U.S.C. § 1202 warrants dismissal for failure to state a claim, the prayers for relief based on a violation of this section as set out in the complaint at ¶¶ 2-7 should likewise be dismissed.

<u>C. Enhanced Statutory Damages under 17 U.S.C. § 504(c)</u>

The defendant contends that any claim by the plaintiff for

7

Case 3:04-cv-00738   Document 23   Filed 09/30/05   Page 7 of 11 PageID #: 14

enhanced statutory damages under 17 U.S.C. § 504(c)(2) should be dismissed. The defendant points out that in a pre-litigation correspondence with Big Lots, the plaintiff stated "I don't believe that Big Lots willfully took my intellectual property . . ." and "I have no reason to doubt Big Lots [sic] integrity, good will, and sense of responsibility." See Motion to Dismiss (Docket Entry No. 8) at Exhibit A. Because proof that a copyright violation was committed willfully is required for enhanced damages under Section 504(c)(2), the defendant contends that, by his own letter, the plaintiff has negated an essential element of recovery under this section.

The plaintiff's initial response was to acknowledge that, although the complaint does refer to damages under 17 U.S.C. § 504(c), he does not actually seek statutory or enhanced damages under this section but seeks only the alternative remedy of actual damages and profits under 17 U.S.C. § 504(a)(1) and (b).

However, in his motion to amend (Docket Entry No. 12), the plaintiff, in fact, moves to amend his complaint to assert a claim for statutory damages under Section 504(c) based on allegation of willful behavior by the defendant. As such, it fully appears that the plaintiff's intent is to assert, in the alternative, a claim for statutory damages under 17 U.S.C. § 504(c) and a claim for actual damages and profits under 17 U.S.C. § 504(a)(1) and (b).

Addressing only the argument raised by the defendant in its motion to dismiss, the Court is unpersuaded that the plaintiff's

pre-litigation letter, by itself, precludes him from asserting a claim for statutory damages under Section 504(c). While the letter could be relied upon as evidence regarding the issue of willfulness, the Court does not find that the letter in any way conclusively negates such a claim to the extent that it can be said that the plaintiff fails to state a claim for damages under this section based solely upon this argument.

Nonetheless, as set out in the analysis in the contemporaneously entered order addressing the plaintiff's motion to amend, any prayer for relief seeking statutory damages under 17 U.S.C. § 504(c) warrants dismissal based upon the facts alleged in this action. Accordingly, the prayer for relief under Section 504(c) as contained in the plaintiff's complaint warrants dismissal.

### III. PLAINTIFF'S MOTION FOR A RULING OF LAW

The plaintiff requests that the Court declare 17 U.S.C. § 412 unconstitutional. The plaintiff argues that this section is unconstitutional because of the limitations it imposes on the ability of a plaintiff who complains of infringements commencing prior to registration to obtain statutory damages under 17 U.S.C. § 504 and attorney's fees under 17 U.S.C. § 505. The plaintiff contends that the United States Congress cannot disadvantage a plaintiff who did not register his work until after an infringement had occurred by denying him the ability to seek statutory damages and attorney's fees. He contends that Section

412 violates the Seventh Amendment right to a trial by jury and violates Section 2 of Article III of the United States

Constitution by denying the court the discretion to award attorney's fees.

The plaintiff's motion should be denied. The plaintiff is correct that the United States Supreme Court in <u>Feltner v. Columbia Pictures Television, Inc.</u>, 523 U.S. 340, 355 (1998), held that the Seventh Amendment provides a right to a jury trial on all issues pertinent to the award of statutory damages under Section 504(c), including the amount of the award itself. This jury trial right, however, does not prohibit Congress from determining through Section 412 the parameters of when statutory damages should apply or prevent the court from making determinations of law based on the undisputed facts before the Court. Similarly, the statutory limitations on the award of attorney's fees set out in Section 412 in no way infringes on the discretion of the Court to award such fees under Section 505, but merely recognizes that, under the statutory framework for copyright cases, some infringements do not warrant an award of attorney's fees. Such a determination is a policy decision properly made by the legislative body.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that:

1) the defendant's motion to dismiss and to strike certain prayers for relief (Docket Entry No. 8) be GRANTED as follows: (a) the plaintiff's claim for a violation of 17 U.S.C. § 1202 and any corresponding requests for relief based on a violation of this section should be DISMISSED; and (b), the plaintiff's request for statutory damages under 17 U.S.C. § 504(c) should be DISMISSED; and

2) the plaintiff's motion for a ruling of law (Docket Entry No. 18) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

                                            JULIET GRIFFIN
                                            United States Magistrate Judge