IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS KEOGH, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:04-00738 |
| | ) Judge Nixon |
| v. | ) Magistrate Judge Griffin |
| | ) |
| BIG LOTS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss and to Strike Certain Prayers for Relief (Doc. No. 8), to which Plaintiff has filed a response in opposition (Doc. No. 11). Also pending before the Court is Plaintiff's Motion for a Ruling of Law (Doc. No. 18), to which the Defendant has filed a response in opposition (Doc. No. 20). The Court has received the Magistrate Judge's comprehensive Report and Recommendation in the above-styled matter, recommending that the Motion to Dismiss be granted in part and denied in part and the Plaintiff's Motion for a Ruling of Law be denied. (Doc. No. 23.)

Plaintiff filed objections to the Report and Recommendation (Doc. No. 31), to which the Defendant has not responded. The Court has reviewed de novo those portions of the Report and Recommendation to which the Plaintiff objects. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). The Magistrate Judge's report thoroughly and aptly deals with each of the Plaintiff's objections. Consequently, the Court agrees with the Magistrate Judge's finding that the Plaintiff's objections are without merit. The Court OVERRULES Plaintiff's objections, and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

Accordingly, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part as follows: (1) Plaintiff's claim for violation of 17 U.S.C. §1202 and any corresponding requests for relief based on a violation of this section should be DISMISSED; and (2) Plaintiff's request for statutory damages under 17 U.S.C. § 504(c) should be DISMISSED. Additionally, Plaintiff's Motion for Ruling of Law is DENIED.

It is so ORDERED.

Entered this the 27th day of March, 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT