FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS KEOGH, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:04-00738 |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Griffin |
| ) | |
| BIG LOTS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's motion to reconsider the Court's previous Order adopting the Magistrate Judge's Report and Recommendation ("Report") granting Defendant's Motion to Dismiss. (Doc. No. 46.) For the reasons stated herein, the Court finds its previous Order upholding the Magistrate Judge's Report to be sound as the Plaintiff fails to state a claim under 17 U.S.C. § 1202 or § 504(c) of the Copyright Act.[1]

**I. Background**

In 1996, Plaintiff created two birdhouses, one a "Romanesque" design and the other a "Gothic" design. Plaintiff began advertising and selling them in October 2001, however, he did not register each birdhouse with the United States Copyright Office until May 2004. At some point in 2004, prior to his registration of the birdhouses, Plaintiff learned that Big Lots was

---

[1]Plaintiff partly bases his motion for reconsideration on the belief that the Court did not receive and/or review Defendant's response to Plaintiff's objections to the Magistrate Judge's Report. Prior to issuing its previous Order, however, the Court did receive and review the Magistrate Judge's Report (Doc. No. 23), Plaintiff's Objections to the Report (Doc. Nos. 31, 36, 38) and Defendant's Responses thereto (Doc. Nos. 35, 40). The Court simply misstated that Defendant had not responded.

importing and selling birdhouses from China, which were similar in virtually all respects to Plaintiff's "Romanesque" and "Gothic" birdhouses. He contends that he did not give Big Lots, or any other person, permission to make and sell replicas of his birdhouses. Plaintiff believes that Big Lots violated his exclusive rights to reproduce and sell copies of his copyrighted birdhouses.

As a result, Plaintiff filed this action pro se on August 20, 2004, against Big Lots asserting federal question jurisdiction under 28 U.S.C. § 1338(a). Plaintiff seeks damages and injunctive relief against Defendant and pleads a claim for copyright infringement under 17 U.S.C. § 106 and 17 U.S.C. § 1202(b)(3) of the Digital Millennium Copyright Act ("DMCA").[2] In lieu of an answer, Big Lots filed the pending motion to dismiss. Although Big Lots concedes that Plaintiff states a cause of action for copyright infringement under 17 U.S.C. § 106, Big Lots moves, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's claim under § 1202(b)(3) of the DMCA and to strike the corresponding prayers for relief which are based on a violation of the DMCA. Big Lots also seeks to strike Plaintiff's request for statutory damages under 17 U.S.C. § 504(c).

## II. Legal Standards

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). In considering a motion to dismiss for failure to state a claim on which relief can be granted, a plaintiff's factual allegations are accepted as true.

---

[2] Although Plaintiff states in his complaint that he brings his cause of action under 17 U.S.C. § 1202(3), he states in his response to Defendant's motion to dismiss that the correct citation for his cause of action is 17 U.S.C. § 1202(b)(3). The Court agrees and reviews his claim under 17 U.S.C. § 1202(b)(3).

See Wallin v. Norman, 317 F.3d 558, 561 (6th Cir. 2003). A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the non-moving party. See id. "In order for a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint." Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996).

**III. Analysis**

*A. DMCA Claim and Prayers for Relief under 17 U.S.C. § 1202(b)(3)*

Big Lots argues that the allegations contained in the Plaintiff's complaint do not support a claim under the DMCA. Section 1202(b)(3) of the DMCA prohibits any person from

> distribut[ing], import[ing] for distribution, or publicly perform[ing] works . . . knowing that copyright management information [("CMI")] has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b)(3). To prevail under § 1202(b)(3), a plaintiff must demonstrate that the defendant "possessed actual knowledge of the unauthorized change to the [CMI], because the statute requires the defendant to act 'knowing that [CMI had] been removed or altered without the authority of the copyright owner or the law." Gordon v. Nextel Commc'ns & Mullen Adver., Inc., 345 F.3d 922, 926 (6th Cir. 2003) (dismissing plaintiff's § 1202(b)(3) claim where there was no proof that defendant had actual knowledge of the removal of CMI).

Plaintiff does not allege anywhere in his complaint that Big Lots had actual knowledge "that [CMI] has been removed or altered without authority of the copyright owner or the law. . . ."

3

Case 3:04-cv-00738 Document 47 Filed 04/27/06 Page 3 of 7 PageID #: 211

17 U.S.C. § 1202(b)(3). In fact, Plaintiff admits he cannot prove actual knowledge stating, "[t]he PLAINTIFF'S [sic] has no evidence that the unnamed manufacturer of the infringing copies had any more direct knowledge of the removal of the PLAINTIFF's CMI than BIG LOTS did." (Doc. No. 32 at 15.)

Plaintiff instead argues that Big Lots had constructive knowledge, and that such constructive knowledge satisfies the requirement for knowledge in § 1203(b)(3).[3] First, Plaintiff cites no cases to support his proposition, and the Court was unable to discover any. Second, Plaintiff mistakenly conflates the two knowledge standards in § 1202(b)(3). The statute requires that Defendant have <u>knowledge</u> that CMI was removed or altered without the permission of the copyright owner. Once CMI is removed, Defendant is only required to have "reasonable grounds to know" that his actions would "induce, enable, facilitate, or conceal an infringement of any right under" the DMCA. 17 U.S.C. § 1202(b)(3). Notwithstanding these separate knowledge standards – actual knowledge for removal of CMI and constructive knowledge for the effect of removal of CMI – Plaintiff attempts to argue that constructive knowledge of the removal of CMI is sufficient to satisfy § 1202(b)(3). The plain language of the statute, as confirmed by the Sixth Circuit in <u>Gordon</u> makes clear that constructive knowledge is not enough, there must be actual knowledge. <u>Gordon v. Nextel</u>, 345 F.3d at 926. As there is none here, Plaintiffs claim fails.

The conduct of Big Lots in importing and selling these allegedly infringing birdhouses from China does not constitute a violation of 17 U.S.C. § 1202(b)(3) because Plaintiff does not

---

[3]Plaintiff asserts that many products from China infringe copyright. Plaintiff contends that because the birdhouses were made in China, Defendant should have presumed that they included removed or altered CMI without the copyright owners knowledge. Even if the Court were to entertain this factually unsupported and conclusory theory, it falls far short of the actual knowledge required by § 1202(b)(3).

4

allege any facts to support the conclusion that Big Lots had any actual knowledge of the removal of CMI without Plaintiff's knowledge. As a result, even under the most favorable reading, Plaintiff's complaint fails to support a claim for Defendant's violation of § 1202(b)(3).

  *B. Statutory Damages under 17 U.S.C. § 504(c)*

Big Lots requests that the Court strike Plaintiffs' request for statutory damages under 17 U.S.C. § 504(c). Under the Copyright Act, a plaintiff may not recover statutory damages for willful "infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work." 17 U.S.C. § 412. Section 412 "leaves no room for discretion, mandating that no attorney's fees or statutory damages be awarded so long as the infringement commenced before registration of the copyright." Johnson v. Jones, 149 F.3d 494, 505 (6th Cir. 1998). In this case, Big Lots' alleged infringement commenced at some point prior to Plaintiff's registration of the copyrights for Romanesque and Gothic in May 2004. Additionally, Plaintiff's registration of the works occurred well beyond a three month period after their first publication in October 2001. Therefore, § 412 negates any claim Plaintiff may assert for statutory damages against Big Lots under 17 U.S.C. § 504(c).

  *C. Constitutionality of 17 U.S.C. § 412*

Plaintiff requests that the Court declare 17 U.S.C. § 412 unconstitutional. Section 412 provides in relevant part that

> no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after

> first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.  He argues that this section is unconstitutional because of the limits it imposes on the ability of a plaintiff who complains of infringement commencing prior to registration to obtain statutory damages under 17 U.S.C. § 504 and attorney's fees under 17 U.S.C. § 505.  Plaintiff contends that the United States Congress cannot disadvantage a plaintiff who did not register his work until after an infringement had occurred by denying him the ability to seek statutory damages and attorney's fees.

The Copyright and Patent Clause of the Constitution, Art. I, § 8, cl. 8, grants Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."  This clause gives Congress broad power with respect to policy decisions regarding copyright law.  A determination of what types of infringements warrant an award of statutory damages or attorney's fees is such a policy decision.  The Supreme Court has

> stressed, . . . that it is generally for Congress, not the courts, to decide how best to pursue the Copyright Clause's objectives.  See Stewart v. Abend, 495 U.S. at 230, 110 S.Ct. 1750 ("Th[e] evolution of the duration of copyright protection tellingly illustrates the difficulties Congress faces . . . . [I]t is not our role to alter the delicate balance Congress has labored to achieve."); Sony, 464 U.S., at 429, 104 S.Ct. 774("[I]t is Congress that has been assigned the task of defining the scope of [rights] that should be granted to authors or to inventors in order to give the public appropriate access to their work product."); Graham, 383 U.S., at 6, 86 S.Ct. 684 ("Within the limits of the constitutional grant, the Congress may, of course, implement the stated purpose of the Framers by selecting the policy which in its judgment best effectuates the constitutional aim.").

Eldred v. Ashcroft, 537 U.S. 186, 212-13 (2003).  Thus, it is the province of Congress to decide when to allow and not allow statutory damages and attorneys' fees through its enactment of the

6

Case 3:04-cv-00738   Document 47   Filed 04/27/06   Page 6 of 7 PageID #: 214

Copyright Act. Consequently, Congress' decision to allow statutory damages and attorney's fees only for infringement commenced after first publication or if copyright was registered within three months after first publication is within the limits of the grant of the Copyright and Patent Clause of the Constitution.

## IV. Conclusion

Accordingly, Plaintiff's motion to reconsider is DENIED and the Court upholds its previous Order dismissing Plaintiff's claim under 17 U.S.C. § 1202(b)(3) and Plaintiff's claim for statutory damages under 17 U.S.C. § 504(c), and denying Plaintiff's request that this Court declare 17 U.S.C. § 412 unconstitutional.

It is so ORDERED.

Entered this the 27 day of     April    , 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT